■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. KOBERSTEIN, SR., Appellant. — Judgment unanimously affirmed. Memorandum: CPL 300.10 (subd 2) provides in relevant part: "Upon request of a defendant who did not testify in his own behalf, but not otherwise, the court must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn." It is the well-settled rule that the court should add nothing "to the plain and simple language of the statute on this subject" (People v Fitzgerald, 156 NY 253, 266; see, also, People v McLucas, 15 NY2d 167; Ruloff v People, 45 NY 213). ¶ Defendant contends that comments made by the Trial Judge during jury selection on the subject of defendant's failure to testify violated both the statute and defendant's privilege against self incrimination. In the circumstances presented, we disagree. During her questioning of potential jurors, defense counsel made several statements to the panel on the subject of defendant's choice not to testify. These questions and statements prompted a subsequently called potential juror to state, in response to inquiry by the Trial Judge, that if defendant did not take the witness stand he would hold that against him and that "[i]f somebody is accused of doing something and they don't defend themselves, he is just weak." While the juror ultimately was excused for cause, it is obvious in the record that the Trial Judge deemed it necessary, in order to preserve and protect defendant's rights on this issue, to explain the basis for the privilege against self incrimination. Although the court's comments to the juror went beyond commentary ordinarily permitted under CPL 300.10 (subd 2), they were made in direct response to the strategic approach adopted by defense counsel (see People v Baldi, 54 NY2d 137) and, viewed in context, were not erroneous. ¶ Defendant also contends that the court erred in refusing to charge burglary in the second degree as a lesser included offense of the second count of burglary in the first degree. Burglary in the second degree is a lesser included offense of burglary in the first degree (CPL 1.20, subd 37), but there was no reasonable view of the evidence to support a finding that defendant committed the lesser offense but did not commit the greater offense (CPL 300.50, subd 1; People v Scarborough, 49 NY2d 364; cf. People v Martin, 59 NY2d 704). ¶ Nor did the court err in permitting the victim's in-court identification of defendant. The evidence showed that the victim had ample opportunity to observe defendant in her lighted room during the commission of the crime and that, sometime prior to the crime, she had been introduced to the defendant. It was demonstrated that the victim's identification of defendant was independent of a prior improper show-up and a prior suggestive photographic array (People v Adams, 53 NY2d 241). (Appeal from judgment of Oneida County Court, Buckley, J. — burglary, first degree, and assault, second degree.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ.

■ In the Matter of DAVID AUNGIER et al., Respondents, v LILLIAN BUZARD et al., Constituting the Zoning Board of Appeals of the Town of Tully, Respondents. STEPHEN OPALOT, Intervenor-Appellant. — Judgment unanimously affirmed, with costs, for reasons stated in the memorandum decision at Special Term, John O'C. Conway, J. (Appeal from judgment of Supreme Court, Onondaga County, John O'C. Conway, J. — art 78.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ.