■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY BACON, JR., Appellant. — Judgment unanimously affirmed. Memorandum: Defendant was convicted of raping an 18-year-old girl in the City of Rochester. The principal issue at trial

was identification. Defendant claims the victim's pretrial identification of him was impermissibly suggestive because (1) the photo array contained the names of persons depicted and (2) only defendant had an identifying scar on his face. The victim testified at the pretrial *Wade* hearing that she identified the defendant's picture immediately. She also testified that she knew the defendant from the fifth grade at a school which they had attended together. Upon our review of the record, we find that the procedure was not impermissibly suggestive and that, in any event, there was sufficient independent basis for the victim's in-court identification of the defendant (*People v Koberstein,* 103 AD2d 1021; *People v Graham,* 67 AD2d 172).

Defendant contends that the court's adverse inference charge eradicated the presumption of innocence and impermissibly shifted the burden of proof from the People to the defendant. At trial, defendant took the stand and testified that at the time of the crime he was home with his father. The father did not testify. Defendant's attorney and the District Attorney both commented on summation regarding the father's failure to testify. The court instructed the jury as follows: "In evaluating the evidence produced by the defense, you may consider the failure of the defendant to call his father as a witness and if you see fit, you may draw the strongest inference against the defendant that the opposing evidence permits. Of course, the burden of proof of all elements stays with the prosecution." This court has had occasion to condemn a similarly worded instruction as contravening the presumption of innocence and obliterating the People's burden of proving the defendant's guilt beyond a reasonable doubt (*People v Terry,* 83 AD2d 491, 494). However, in this case, defense counsel took no exception to the court's charge, which is understandable in light of his comments during summation. Also, here, the court clearly instructed the jury that defendant was presumed innocent and the burden of proof remained on the People at all times. Furthermore, inasmuch as the defendant has failed to preserve for review the trial court's apparent *Terry* error, and in view of the strong evidence against the defendant, there is no reason for this court to exercise its discretion to grant a new trial in the interest of justice. We have reviewed the other issues raised by the defendant and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Pine, J. — rape, first degree.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.