■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER DUPREE, Appellant.

The defendant was arrested by two undercover police officers when he pulled out a loaded handgun as he approached the corner of Fifth Avenue and St. John's Place in Brooklyn while the officers were exiting their car. During their ensuing search of a large garbage bag which the defendant was carrying, the officers discovered a leather jacket, leather boots, and a shopping bag with the name "Lee Leather Shops" on it. A worker at the Lee shop subsequently identified the defendant as one of two men who had robbed the leather goods store at gunpoint two days earlier and the clothing as the kind of merchandise as had been taken from the store. He also stated that the gun which was seized looked "very much like the gun that was used" during the robbery and that "[a]s far as I can tell * * * it's the same". Thereafter, defendant was indicted for criminal possession of a weapon in the third degree. He also was separately

indicted on various charges arising out of the robbery of the Lee store, together with codefendant Philip Santos.

Prior to the commencement of the trial, with respect to the charges arising out of the robbery, the defendant moved to preclude the People from introducing into evidence the gun which he possessed at the time of his arrest and which resulted in his prior conviction on the weapons possession charge. The trial court determined that the probative value of the gun on the issue of defendant's identity as one of the robbers outweighed its potential for prejudice and, accordingly, ruled that the gun was admissible. It precluded the People from adducing any testimony that the gun was loaded and operable, however, or that the defendant had been tried and convicted of criminal possession of a weapon. This was not an improvident exercise of discretion. Evidence which is material and relevant to prove the crime charged is not rendered inadmissible simply because it also tends to establish the defendant's guilt of some other crime (*People v Allweiss,* 48 NY2d 40, 47). Here, the defendant placed his identity in issue by maintaining that he was the victim of mistaken identity and the evidence of the gun clearly was probative of this material issue (*see, People v Condon,* 26 NY2d 139). We find that the court struck a proper balance between the probative value of the evidence and its potential for prejudice by preventing the People from eliciting testimony related to the gun's operability and the defendant's prior conviction and by issuing appropriate limiting instructions (*see, People v Ventimiglia,* 52 NY2d 350; *People v Smalls,* 94 AD2d 777).

Furthermore, the defendant was not deprived of a fair trial by misconduct on the part of the prosecution during summation. Although the prosecutor improperly injected the issue of race into the case, the trial court properly sustained counsel's objections and immediately advised the jury that race was not an issue in this case and that the evidence raised no inferences that it was. This was sufficient to dispel whatever prejudicial effect such remarks may have had (*People v Arce,* 42 NY2d 179; *People v Giles,* 87 AD2d 636).

We have considered defendant's remaining contention and find it to be without merit. Lazer, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.