The People of the State of New York, Respondent, v Daniel Hernandez, Appellant.

Prior to the commencement of the trial, the prosecution sought a ruling to permit testimony from the complainant, who at the time of the crime charged was 15 years old, that the defendant had made sexual overtures to her which she rejected. The defendant argues on appeal to this court that the trial court's refusal to exclude the complainant's testimony in this regard caused him to suffer severe prejudice because it tended to establish his guilt of uncharged crimes. We do not believe that the trial court's determination was an improvident exercise of discretion.

The complainant's testimony was properly admitted into evidence to establish the defendant's motive and intent in discharging a pistol at the complainant *(see, People v Ventimiglia,* 52 NY2d 350; *People v Moore,* 42 NY2d 421, *cert denied* 434 US 987; *People v Molineux,* 168 NY 264). The portion of the complainant's testimony challenged as prejudicial was "inextricably interwoven" with the subsequent events underlying the crimes charged and could not have been redacted "without distortion of its meaning" *(People v Ventimiglia, supra,* at p 362; *People v Vails,* 43 NY2d 364, 368-369; *cf. People v Crandall,* 67 NY2d 111, 116-117). Therefore, we find no fault with the trial court's exercise of its discretion in admitting this evidence. Furthermore, the trial court struck a proper balance between the probative value of the evidence and its potential for prejudice by issuing appropriate instructions to the jury limiting consideration of this testimony to the issue of motive and intent *(see, People v Dupree,* 110 AD2d 777, 778).

With respect to the defendant's claim that the complainant's testimony was improperly bolstered by the testimony of the arresting officer, we find that the defendant failed to preserve the alleged error by timely objecting thereto *(see, People v West,* 56 NY2d 662) and we perceive no reason to reach the question in the interest of justice. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.