■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY M. WINDLEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered March 18, 1985, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Immediately prior to giving the jury its instructions, the trial court noted that the defendant was not present in the courtroom. Judge Cowhey stated that the defendant had telephoned chambers at 9:15 that morning, and had spoken with his law secretary. The defendant advised that he had missed a train and intended to arrive at the courthouse at approximately 10:30 A.M. after embarking on a train scheduled to leave at 9:30 A.M.

The trial court then inquired as to whether defense counsel had been in contact with the defendant. Counsel responded that he had not contacted his office and had not spoken to the defendant. Nevertheless, counsel consented to proceed in his client's absence, with the proviso that the defendant would assume his position at the defense table whenever he arrived at the courtroom.

Thereafter, and during the court's charge, the defendant arrived in the courtroom. Following the charge, the trial court informed the defendant that his telephone message had been received and that defense counsel had "waived" the defendant's "presence for the beginning of the court's charge, a few minutes, whatever it was". The defendant confirmed counsel's waiver of his presence for that portion of the charge delivered in his absence.

A defendant's right to be present at trial is derived from constitutional as well as statutory authorities (see, US Const 6th, 14th Amends; NY Const, art I, § 6; CPL 260.20). The right to be present at trial includes "all proceedings dealing with the court's charge" (People v Ciaccio, 47 NY2d 431, 436; see, People v Mullen, 44 NY2d 1; Maurer v People, 43 NY 1). Although this right is of a fundamental constitutional nature, it may be expressly or impliedly waived provided that the waiver was knowing, voluntary and intelligent (see, People v Parker, 57 NY2d 136, 140; People v Epps, 37 NY2d 343, 350, cert denied 423 US 999; see also, People v Sanchez, 65 NY2d 436, 443).

At bar, there was an effective waiver of the defendant's right to be present during that portion of the charge given prior to his arrival at court. Defense counsel waived the defendant's presence after being informed of the circumstances, by the trial court, i.e., that the defendant had missed a train and would be a few minutes late. Thereafter, the defendant ratified counsel's waiver upon inquiry by the trial court. In the absence of a request by the defendant to repeat the portion of the charge given in his absence, there is no basis for reversal of the judgment. Nevertheless, we note that should a similar situation arise, viz., a defendant informs the court that he will be temporarily absent for a particular aspect of the trial and has a justifiable excuse for such absence, the court is best advised to delay the proceedings until the defendant arrives in the courtroom.

The defendant also contends that his guilt was not proven beyond a reasonable doubt. Upon the exercise of our factual

review power, we are satisfied that the defendant's guilt was proven beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The evidence established that the defendant unlawfully possessed a loaded firearm not in his home or place of business (see, Penal Law § 265.02 [4]). In this regard, we note that the People disproved the defense of "temporary and lawful" possession of a weapon (see, People v Almodovar, 62 NY2d 126, 130).

We have examined the defendant's remaining contentions, including those contained in his pro se supplemental brief, and conclude that they are either unpreserved for appellate review or without merit. Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.