■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CHARLES MORMAN, True Name CHARLES MOREMAN, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered July 7, 1986, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The record reveals, contrary to the defendant's contention, that the Trial Judge in this case did not relinquish control over the proceedings, thereby depriving the defendant of his right to a proper trial by jury (cf., People v Ahmed, 66 NY2d 307, rearg denied 67 NY2d 647). Initially, we observe that since the alleged error neither "affect[ed] the organization of the court [n]or the mode of proceedings proscribed by law" (People v Patterson, 39 NY2d 288, 295, affd 432 US 197), the defendant's stipulation to the alleged impropriety now complained of renders his claim unpreserved for appellate review (CPL 470.05 [2]; cf., People v Mehmedi, 69 NY2d 759, rearg denied 69 NY2d 985; People v Ahmed, supra). After having personally reminded the jurors of its prior admonition against premature deliberation (CPL 270.40), and having temporarily dismissed them subsequent to the delivery of opening statements but prior to the presentation of evidence, the Trial Judge, no more than one hour later, had the court officer, upon stipulation of both counsel, remind the jurors of the prior admonition and dismiss them. While this procedure is not to be encouraged, it is not tantamount to an unconstitutional delegation of supervisory authority (see, People v Torres, 133 AD2d 713, lv granted 70 NY2d 938).

We have examined the defendant's remaining contention and find it to be unpreserved for appellate review and, in any event, without merit. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.