■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE MERCADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered February 20, 1987, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered before a different Justice. No questions of fact have been raised or considered.

This appeal comes to us after a second trial of the defendant which was ordered by this court, which found that several errors committed by the trial court deprived the defendant of a fair trial (see, People v Mercado, 120 AD2d 619). On this appeal, we have come to the same conclusion and order a third trial of the defendant.

The record reveals that immediately after the charge, the jury retired to commence deliberations. However, the very next sentence of the transcript of the proceedings for that day merely states, "Whereupon, due to the snow storm the jury was excused for the evening". On the following day, the defense counsel moved for a mistrial based on the fact that neither she nor the defendant was present when the jury was sequestered for the night. She pointed out that there was no record as to whether the jurors received any judicial admonitions or instructions prior to being sequestered, whether they continued to deliberate after being taken to their hotel or

whether the alternate jurors were kept with the regular jurors. Counsel noted that the jurors were out of the courtroom for 24 hours, and it was not known what they did or what instructions were given to them during that period. The jurors' extensive requests for the read-back of testimony and a repetition of certain portions of the charge very shortly after they had returned to court from sequestration were cited by counsel as being indicative of possible improper continued deliberations during sequestration.

The trial court's only response to this motion, which raised serious issues regarding the defendant's constitutional rights to be present during all phases of the trial, to be accorded due process, and to the basic right to a fair trial, was, "That's your understanding?" and "Application denied".

The sentencing minutes indicate that the court refused again, without stating a reason, to avail itself of the opportunity to clarify the record as to what actually transpired at the time of the sequestration of the jury when it summarily denied the defense counsel's motion to set aside the verdict.

We disapprove of the failure of the trial court to complete the record when its deficiency in a crucial and sensitive phase of the trial—during jury deliberations—was twice brought to the trial court's attention. Further, reversal of the judgment of conviction and a new trial rather than remittal for a hearing as to what occurred when the jury was sequestered is required. There was no indication that, when the jurors were sequestered, they were given the necessary and appropriate instructions. Even assuming that the court did properly admonish the jury prior to sequestration, the record indicates that neither the defendant nor counsel was present if this was in fact done.

The defendant has "an absolute right to be present, with counsel, 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge' * * *. This necessarily includes all proceedings in impaneling the jury, receiving evidence, the summations of counsel, receiving the verdict * * * and, of equal importance, all proceedings dealing with the court's charge, admonishments and instructions to the jury" *(People v Ciaccio,* 47 NY2d 431, 436). The People's reliance on cases which hold that certain ministerial or minor procedural matters dealt with in the defendant's absence may not lead to reversible error *(see, People v Mehmedi,* 69 NY2d 759; *People v Patterson,* 39 NY2d 288, 295, *affd* 432 US 197; *People v Sterling,* 141 AD2d 680, 681; *People v Morman,* 137 AD2d 838) is misplaced.

The record shows that the jury had been charged and had begun deliberations. Therefore, the trial was at a critical stage, and the presence of the defendant and his counsel was required as a constitutional imperative *(see, People v Torres,* 72 NY2d 1007; *United States v Fontanez,* 878 F2d 33). Both the defendant and the defense counsel were absent when, in some unknown and unrecorded manner, the jury was sequestered. There is no contention that the defendant had knowingly and voluntarily waived his right to be present.

In ordering a new trial, we find it necessary to mention other errors made at the trial to avoid their repetition. First, we agree with the defendant's contention that the testimony of Detective Fischer as to the identification of the defendant in a lineup constituted improper bolstering *(see, People v Trowbridge,* 305 NY 471). Secondly, the extensive comments made by the trial court with respect to the defendant's decision not to testify were inappropriate. Absent extraordinary circumstances, which are not present in this case, trial courts should add nothing to the plain and simple language of the statute on this subject *(see,* CPL 300.10 [2]; *People v Reid,* 135 AD2d 753; *People v Concepcion,* 128 AD2d 887; *People v Koberstein,* 103 AD2d 1021; *People v Abreu,* 74 AD2d 876).

Because the issues may be expected to arise again, we comment briefly on some of the defendant's other contentions. We find that the trial court did not improvidently exercise its discretion in admitting the photograph which depicted the body of the deceased child. The purpose for the admission of the photographic evidence was not to arouse the emotions of the jury or to prejudice the defendant *(see, People v Bell,* 63 NY2d 796, 797; *People v Pobliner,* 32 NY2d 356, 370; *cf., People v Mercado,* 120 AD2d 619, *supra).*

Further, we do not find that the court improvidently exercised its discretion in admitting the evidence of uncharged crimes committed by the defendant. While this should not be read so as to preempt evidentiary rulings as questions arise at the new trial, it is clear from the present record that the prosecution's objective in offering this evidence was to prove the defendant's motive. This falls within the exceptions recognized in *People v Molineux* (168 NY 264, 293). Nor do we find that the potential prejudice of the evidence to the defendant was such that it outweighed its probative value *(see, People v Johnson,* 139 AD2d 594; *People v Hernandez,* 124 AD2d 821).

Under the circumstances of this case, we deem it appropriate that the new trial be held before a different Justice of the Supreme Court, Queens County.

In light of the result, we do not reach the defendant's remaining contentions. Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.