■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON HENDERSON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACARTHUR STEWARD, Appellant.— Appeals from judgments, Supreme Court, New York County (Clifford Scott, J.), both rendered April 24, 1987, convicting defendants, after a jury trial, of robbery in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree, are held in abeyance and the matter remanded back to the Supreme Court for a hearing, before a different Judge, as to the exact nature of the communication made to the jury, apparently at the direction of the court and outside of the presence of the defendants, the attorneys and the Judge.

The evidence was that three persons arrived at the scene in an automobile, accosted a man and a woman who were walking down the street, robbed the man and attempted to rob the woman. All three were caught shortly after leaving the scene in a car and following an automobile chase by the police.

The record reveals that sometime before the jury reached a verdict, they were given instructions by the court relative to

which count or counts of the indictment they should consider. The exact nature of the communication to the jury, made at the direction of the court and outside the presence of the court, defendants and attorneys, is unclear since the court cut off a defense attorney's attempt to find out exactly what had happened. Specifically, the following colloquy occurred:

"THE CLERK: Gentlemen, have you seen the notes?

"(Handed to defense counsel.)

"MR. MATSOUKAS: Judge, the second note indicates there is a question that was asked.

"I don't know if that question was answered.

"THE COURT: Yes, that is the one about the top count.

"MR. MATSOUKAS: By who?

"THE COURT: By me.

"MR. MATSOUKAS: To the jury?

"THE COURT: Yes.

"MR. MATSOUKAS: The jury was brought in?

"THE COURT: No.

"MR. MATSOUKAS: Where was it answered, in the jury room?

"THE COURT: Yes.

"MR. MATSOUKAS: I just think we should have been present.

"THE COURT: All right.

"MR. MATSOUKAS: I would object to the Court going into the jury room.

"THE COURT: I didn't go into the jury room.

"MR. MATSOUKAS: You said that. I don't know how it was answered.

"THE COURT: Word was sent if they found them guilty on the top count they don't have to worry about the other counts.

"That is what I said before.

"MR. MATSOUKAS: They thought he said—you said you went in the jury room.

"THE COURT: Bring the jury in.

"MR. AMODEO: I join in this—Mr. Matsoukas' objection.

"(Jury enters the courtroom.)"

CPL 310.30 reads in part: "At any time during its deliberation, the jury may request the court for further instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury's consideration of the case. Upon such a request, the court must direct that the jury

be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper."

In *People v Mehmedi* (69 NY2d 759 [1987]), the Court of Appeals affirmed a reversal of a conviction for criminal possession of a weapon by the Appellate Division, Second Department, where a jury had sought information on certain evidence. (Who had opened the console of a car, the place where bullets were seen by the police, to look for registration documents.) The Court of Appeals stated (at 760-761) that a defendant had a fundamental right to be present when the additional instructions were given: "A defendant has a fundamental right to be present at all material stages of a trial *(see, People v Ciaccio,* 47 NY2d 431, 436, *supra). CPL 310.30* makes a defendant's right to be present during instructions to the jury absolute and unequivocal *(see, CPL* 310.30; *People v Ciaccio, supra,* pp 436-437). Because this defendant was absent during a material part of his trial, harmless error analysis is not appropriate *(see, id.; cf. People v Mullen,* 44 NY2d 1, *supra* [Trial Judge's in-chambers questioning of juror]; *People ex rel. Lupo v Fay,* 13 NY2d 253, *supra* [defense argument for mistrial])."

We thus remand for a determination on the exact nature of the communication made to the jury. Concur—Sullivan, J. P., Carro, Milonas and Smith, JJ.