■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER HERNANDEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZNON SZOT, Also Known as ZENEN SZOT, Appellant.—Judgment of the Supreme Court, New York County (Ira F. Beal, J.), rendered February 23, 1988, after jury trial, which convicted defendant Walter Hernandez of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16) and sentenced him to concurrent indeterminate terms of from 2 to 6 years' imprisonment, and the judgment of the same court, rendered February 23, 1988, after said trial, which convicted defendant Znon Szot and sentenced him, as a predicate felony offender, to concurrent indeterminate terms of from 4½ to 9 years' imprisonment, unanimously reversed, on the law, and the matter remanded to the Supreme Court for a retrial.

At the close of the first day of deliberations, defense counsel requested that the jury be brought in and instructed not to deliberate outside the jury room. Despite counsel's insistence, the Trial Justice directed a court officer to inform the jury that they were not to discuss the case among themselves until their return to court the following morning. Upon this appeal, defendants contend that the court improperly delegated a judicial function, thus depriving them of their right to be present at all material stages of the proceedings.

We agree. A defendant's presence, with counsel, is impera-

tive whenever it bears a substantial relationship to his defense to the charges against him, which includes "all proceedings dealing with the court's charge, admonishments and instructions to the jury" *(People v Ciaccio,* 47 NY2d 431, 436). The jury having been charged and having begun deliberations, the trial had reached a critical stage, and the delegation of a judicial function to a court officer was improper *(see, People v Torres,* 72 NY2d 1007). Moreover, it is impossible to assess the extent to which the court's instructions and admonitions were accurately communicated to the jury. We therefore conclude that reversible error was committed *(People v Mercado,* 154 AD2d 556 [2d Dept 1989]; *People v Payne,* 149 AD2d 542 [2d Dept 1989]).

In view of our disposition, we deem defendants' other contentions to be moot. Concur—Ross, J. P., Asch, Rosenberger, Smith and Rubin, JJ.