■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME BONAPARTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered October 14, 1987, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). We are also satisfied that there is no merit to the arguments made by defendant in his supplemental *pro se* brief. We conclude, however, that because the court improperly delegated a judicial function to a court officer and because, in so doing, it abridged the defendant's right to be present during a critical stage of his jury trial, reversal and a new trial is mandated.

Within one-half hour of the beginning of the second day of deliberations, the jury announced it had arrived at a verdict. Defense counsel protested the failure to notify him the previous evening when the jury was to be sequestered. The Supreme Court advised that in order to avoid the delay occasioned by calling the jurors into the courtroom and sending for the attorneys, it decided to have a court officer inform them of its decision to have them sequestered.

It is the court's function, not that of the court personnel, to instruct jurors as to their duties and obligations upon seques-

tration *(see, People v Torres,* 72 NY2d 1007; *People v Mercado,* 154 AD2d 556).* Moreover, a defendant's presence, with counsel, is imperative whenever that presence bears a reasonably substantial relationship to the defendant's opportunity to defend against the indictment *(People v Ciaccio,* 47 NY2d 431, 437). This necessarily includes "all proceedings dealing with the court's charge, admonishments and instructions to the jury" *(People v Ciaccio, supra,* at 436).

We reject the People's contention that the court officer's actions in this case were merely ministerial *(see, People v Hernandez,* 157 AD2d 472; *People v Mercado, supra; cf., People v Moreman,* 137 AD2d 838), and we note that the defendant, who was not informed of the court's decision to sequester the jury, did not waive his right to be present during the critical stage when the jury was or should have been instructed as to its conduct *(People v Torres, supra; People v Mercado, supra).* Apart from the improper delegation of judicial duties carried out in the absence of defendant and his counsel, we are not persuaded that the reconstructed record of what occurred in the jury room could affect the result we reach in this case. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.