■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON HENDERSON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACARTHUR STEWARD, Appellant.— Judgments, Supreme Court, New York County (Scott, J.), rendered April 24, 1987, convicting defendants, after a jury trial, of robbery in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree and sentencing defendant Henderson, as a second felony offender, to concurrent terms of imprisonment of 6 to 12 years, 4 to 8 years and, again, 4 to 8 years, respectively, and sentencing defendant Steward to concurrent terms of 2 to 6 years, 1½ to 3 years and, again, 1½ to 3 years, respectively, unanimously reversed, on the law and the facts, and the case remanded for a new trial.

Previously, we held the appeal in abeyance and remanded "for a determination on the exact nature of the communication made to the jury." (People v Henderson, 154 AD2d 274, 276 [1989].) Because instructions were given to the jury without the defendant, his attorney or the prosecutor being present, and because the exact form and nature of the instructions are unknown, reversal is required.

At a hearing held in Supreme Court, New York County (Joan Carey, J.), in January and February of 1990, testimony was received from five jurors, four court officers, the court clerk, the Trial Judge, the defendant MacArthur Steward and Joseph Livreri, trial counsel to codefendant James Webb.

The hearing court was unable to conclude who made the response to the jury room, who directed the response to be delivered to the jury room or what the exact nature of the response was. Specifically, the court stated: "The court concludes that the 3:10 P.M. note was answered by means of a written response which related specifically to the jury's inquiry and directed them not to consider counts two and three. On the basis of the relevant and probative testimony offered however, this court is unable to determine who generated the response, at whose direction the response was delivered to the jury room and the exact nature of the response."

CPL 310.30 requires that when a deliberating jury requests additional instructions, the court must return the jury to the courtroom and provide such instruction as it deems proper, after notice to counsel and in the presence of the defendant. "A defendant has a fundamental right to be present at all material stages of a trial * * *. CPL 310.30 makes a defendant's right to be present during instructions to the jury

absolute and unequivocal". *(People v Mehmedi,* 69 NY2d 759, 760 [1987], citing *People v Ciaccio,* 47 NY2d 431, 436-437; *see also, People v Hernandez,* 157 AD2d 472 [1st Dept 1990].)

The People contend that the ministerial act of submitting a brief note, which confirmed the deliberations should cease if defendants were convicted on the lead count, did not deprive defendant of a fair trial. However, while we know that the response answered the jurors' inquiry, we do not know who answered it, how it was answered or what if anything else the response might have conveyed.

Under these circumstances, reversal is required. Concur— Sullivan, J. P., Carro, Milonas and Smith, JJ.