■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered April 21, 1987, convicting him of rape in the first degree, robbery in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial by a remark made by the prosecutor during summation regarding the defendant's failure to call his former attorney as a witness to testify as to the whereabouts of the defendant's original employment time sheets. The defendant claimed to be at work at the time of the crime and the time sheets allegedly documented that fact. Since the defendant failed to timely object to the subject remark, the issue has not been preserved

for appellate review *(see, People v Udzinski,* 146 AD2d 245, 248). In any event, since the defendant elected to present affirmative proof of his alibi, his failure to call a material witness, under his control, may be brought to the jury's attention *(see, People v Wilson,* 64 NY2d 634, 636; *People v Shaw,* 112 AD2d 958, 959-960). As such, the prosecutor's comment was not error.

Since the defense failed to make a request to the trial court for the imposition of sanctions against the People for the destruction of the "rape kit", the defendant has waived any claim of substantial prejudice *(see, People v Rashid,* 164 AD2d 951; *People v Udzinski, supra).* The record reveals that the rape kit was compiled on May 18, 1984, approximately a year before the defendant's arrest. It was destroyed on December 16, 1985, apparently in accordance with the normal procedure of the property clerk's office. It was not until June 12, 1986, that defense counsel specifically requested that the rape kit be made available for inspection. Under the circumstances, the destruction of the rape kit does not warrant reversal.

The defendant contends that he was deprived of his right to a speedy trial since the felony complaint was filed on October 16, 1984, and the People did not declare their readiness for trial until 237 days later on June 10, 1985. The People contend that 64 of the 237 days should be excluded in computing the time within which they were required to be ready for trial. Pursuant to the "exceptional circumstances" exclusion of CPL 30.30 (4) (g), the record reveals that, during these 64 days, the Assistant District Attorney was actively and diligently pursuing information to verify the defendant's alibi. As such, we find that the prosecution's credible and vigorous activity in pursuing the alibi information should be excluded pursuant to CPL 30.30 (4) (g) *(see, People v Washington,* 43 NY2d 772, 774). Accordingly, the defendant's statutory right to a speedy trial was not violated.

The record reveals, contrary to the defendant's contention, that the Trial Judge did not improperly delegate a judical duty to a nonjudicial staff member at a critical stage of the proceedings, thereby permitting trial proceedings to be conducted in his absence *(see, People v Torres,* 72 NY2d 1007, 1008-1009). The Trial Judge, with the implied approval of both counsel, had a court officer reiterate to the jurors, as they were being sequestered for the night, that they were not to deliberate outside of the jury room unless otherwise instructed by the court. While this procedure is not to be encouraged, it is not tantamount to an unconstitutional delegation of super-

visory authority *(see, People v Morman,* 137 AD2d 838, 839). We note that the defendant waived his right to be present during this supplemental communication with the jury, since the defendant and defense counsel were present when the trial court decided to authorize this communication and neither the defendant nor defense counsel objected to this procedure *(see, People v Parker,* 57 NY2d 136, 139-140; *People v Windley,* 134 AD2d 386, 387). Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.