■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVI CARR, Appellant.—Judgment of the Supreme Court, Bronx County (Lawrence Bernstein, J.), convicting defendant, after a jury trial, of robbery in the second degree and sentencing him to an indeterminate term of 5 to 10 years' incarceration, unanimously reversed, on the law, and the matter remanded for a new trial.

During deliberations, the jury sent out a note, court exhibit 4, which read: "3:07. Juror number eight wishes to speak to the judge due to the fact that she cannot come to a decision."

Following receipt of this note, the court had juror number eight brought to the robing room, the following colloquy was conducted, in the presence of defense counsel and the prosecutor, but in the absence of the defendant:

"THE COURT: Good afternoon, madam.

"First, I would like you to understand I do not want you to divulge to me your position in the case. Do not tell me that, no matter what it maybe [sic], because I don't care what it is. But the foreman says you wish to speak to me due to the fact you cannot come to a decision. Now what is this all about?

"JUROR NUMBER EIGHT: I cannot come to a decision of guilty or not guilty.

"THE COURT: Well, you've heard the evidence in the case. You understand that the purpose of a trial is to resolve this. You agreed to be a juror and all I ask you to do is to discuss the case with your fellow jurors and I don't care what your conclusion is.

"JUROR NUMBER EIGHT: Excuse me. I have come to a decision.

"THE COURT: So don't tell me what it is.

"JUROR NUMBER EIGHT: Okay.

"THE COURT: Then whatever your decision is, you can talk to your fellow jurors about it.

"JUROR NUMBER EIGHT: I did.

"THE COURT: Well, if your decision is different from theirs, you continue to discuss it. Perhaps, you can point out that your [sic] right or they're wrong or perhaps, they can point out that they're right and you're wrong but at 3:15 on an afternoon I have no intention of discharging a jury. So you

just go back and you continue to talk to them and you try to resolve your differences and its much too early for me to abort this case. So, if you've come to a decision, that means you've thought about the case and have come to a decision. Now you talk to them and see if you can harmonize all of your viewpoints and speak with one voice. If ultimately you cannot—and I will determine how long that will go on—you cannot but in the meantime, I ask you to make a good effort to try.

"JUROR NUMBER EIGHT: Okay."

There were no objections to this instruction. The only postcolloquy comment by defense counsel was that he again agreed to waive his client's presence. The court then told the attorneys: "In terms of the hour tonight, if you don't hear from me before six o'clock we'll meet her *[sic]* at six o'clock and we'll send them to dinner and we'll come back. *But you may hear from me before then because she may understand that she has to discuss her position with her fellow jurors. Obviously, it seems to me she's in a minority of one, I would think, but we'll see what happens."* (Emphasis added.)

In camera proceedings of the variety conducted in the case at bar are presumptively improper and therefore require a reversal *(People v Cain,* 76 NY2d 119 [1990]; *People v Torres,* 158 AD2d 62 [1st Dept 1990]).

At the outset, we note that defendant was denied his "constitutional and statutory right to be personally present at this colloquy in which legal instructions were given". *(People v Cain,* 76 NY2d, *supra,* at 124.) It is well settled that where, as here, a defendant is deprived of his right to be present at a material stage of a trial, a new trial is required as a matter of law. *(People v Mehmedi,* 69 NY2d 759, 760 [1987]; *People v Ciaccio,* 47 NY2d 431, 436 [1979]; *People v Szot,* 157 AD2d 472, 473 [1st Dept 1990]; CPL 310.30.) Indeed, the Court of Appeals, speaking through Judge Gabrielli, has held that the failure to notify the defendant when supplemental instructions are given is a fundamental error. *(People v Ciaccio,* 47 NY2d, *supra,* at 436-437.) Further, as appellate counsel correctly notes, the record is devoid of any indication that defendant ever exercised a knowing, voluntary and intelligent waiver of his right to be present at trial, or subsequently learned of and ratified counsel's waiver of this right. *(People v Windley,* 134 AD2d 386, 387 [2d Dept 1987]; *see generally, People v Parker,* 57 NY2d 136, 139-141 [1982].) Counsel's waiver, purportedly exercised on behalf of his client, is thus a nullity. *(People v Mehmedi,* 69 NY2d, *supra,* at 760.)

While defendant assigns other errors in urging a reversal, we decline to address them in view of our holding. Concur— Sullivan, J. P., Carro, Milonas, Smith and Rubin, JJ.