■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BOWLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.),

rendered March 16, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested pursuant to a so-called "buy and bust" operation. An undercover officer had purchased two vials of crack cocaine from the defendant in return for $20 of prerecorded money. The defendant matched the description given by the undercover officer and was apprehended by the field team approximately two minutes later. When searched pursuant to the arrest, the defendant was found to be in possession of the prerecorded money. Moreover, the undercover officer confirmed that the defendant was the seller approximately one minute after the defendant was apprehended. Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal sale of a controlled substance in the third degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

While the defendant contends that he was denied a fair trial due to the actions of the trial court, we note that his consent to the conduct now complained of renders his argument unpreserved for appellate review (see, People v Morman, 137 AD2d 838; CPL 470.05 [2]; cf., People v Mehmedi, 69 NY2d 759). In any event, the actions of the trial court did not deprive the defendant of his right to a fair trial. After personally admonishing the jurors against engaging in premature deliberations, and sending them to the jury room, the Trial Judge learned that a defense witness would not be available to testify until after lunch. With the express consent of both counsel, the Trial Judge directed a court officer to inform the jurors that they could go to lunch and to remind them of the court's prior admonitions. This delegation of a minor ministerial matter by the Trial Judge neither affected the organization of the court nor the mode of proceedings prescribed by law (see, People v Morman, supra; cf., People v Torres, 72 NY2d 1007; People v Ahmed, 66 NY2d 307; People v Patterson, 39 NY2d 288, affd 432 US 197). Accordingly, the defendant's argument is without merit. Kooper, J. P., Eiber, Sullivan and Balletta, JJ., concur.