■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD NACEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered September 19, 1989, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact were raised or considered.

At the close of the first day of deliberations, the trial court, noting that it was 5:00 P.M. and that the jury was still deliberating, decided to send the jury to a hotel for the evening. Without objection by the defense counsel, the Trial Judge directed a court officer as follows: "Tell them to stop and they can start deliberating once they get here 9:30 in the morning". The court officer stated that he would be glad to inform them. Upon returning the next morning, the jury requested more evidence. There is nothing in the record to suggest what transpired between the time that the court officer directed the jurors to stop deliberating and the next morning when the jurors returned to court.

On appeal, the defendant contends that the trial court improperly delegated a judicial function, thus depriving him of his right to be present during all material stages of the trial. While we feel that the defendant received an otherwise fair trial, we conclude that reversal and a new trial are mandated.

It is the court's function, not that of the court personnel, to instruct jurors as to their duties and obligations upon sequestration *(see, People v Bonaparte,* 161 AD2d 774; *People v Mercado,* 154 AD2d 556; *People v Torres,* 72 NY2d 1007). Moreover, a defendant's presence, with counsel, is imperative whenever it bears a substantial relationship to the fullness of his opportunity to defend against the charges against him. This necessarily includes all proceedings in impanelling the jury, receiving evidence, summations, reaching a verdict, and all proceedings dealing with the court's charge, admonishments, and instructions to the jury *(see, People v Mercado, supra; People v Ciaccio,* 47 NY2d 431; *People v Torres, supra).* Since the jury had been charged and had begun deliberations, the trial had reached a critical stage, such that the trial court's delegation of a judicial function to a court officer was

improper *(see, People v Torres, supra).* We reject the People's contention that the defendant's failure to raise a specific objection to the trial court's conduct precludes appellate review as a matter of law. Errors which affect the organization of the court or the mode of proceedings prescribed by law need not be preserved for appellate review *(see, People v Ahmed,* 66 NY2d 307).

We note, however, that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Sullivan and Miller, JJ., concur.