■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRETT HODGES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered October 11, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence of an indeterminate term of 10 to 20 years imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interests of justice, by reducing the sentence imposed to a term of 5 to 10 years imprisonment; as so modified, the judgment is affirmed.

The defendant contends that he was deprived of a fair trial when the trial court directed a court employee to inform the jury that it was to commence its deliberations. By failing to register an objection to the court's action, the alleged error of which the defendant now complains is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bowles,* 168 AD2d 562; *People v Johnson,* 167 AD2d 422). In any event, the actions of the trial court did not deprive the defendant of his right to a fair trial. The court's instruction with respect to the commencement of the jury's deliberations concerned a "ministerial matter * * * [which] affected [neither] the organization of the court nor the mode of proceedings prescribed by law" *(People v Bowles, supra,* at 563; *People v Johnson, supra; see also, People v Morman,* 137 AD2d 838; *cf., People v Torres,* 72 NY2d 1007; *People v Ahmed,* 66 NY2d 307).

We find, however, that the sentence imposed was excessive to the extent indicated.

We have reviewed the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.