■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BRYANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered May 1, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court in this case charged the jury on six counts arising out of a single incident. These were "non-inclusory" concurrent counts (see, CPL 300.30 [4]). The court further instructed the jury to consider the counts in sequential order and to consider each count only after reaching a verdict of not guilty on the previous one.

The defendant argues that although these instructions would be proper in cases involving lesser included offenses (see, People v Boettcher, 69 NY2d 174), in this case, the court should have further instructed the jury that it could consider the counts in any order. However, we find that the court *could* have submitted only one "non-inclusory" concurrent count to the jury (see, CPL 300.40 [3] [a]). Therefore, the defendant cannot now claim that the court erred by submitting the counts in a specific order.

We further find that although the instructions given by the court may not be mandatory in a case involving "non-inclusory concurrent counts" (CPL 300.40 [3] [a]; see, People v York, 133 AD2d 130), the court did not improvidently exercise its discretion in instructing the jury to consider the counts in the alternative and in not instructing it that if it was unable to agree on a count, it could go on to the next one (see, e.g., People v Brensic, 119 AD2d 281, revd on other grounds 70 NY2d 9).

Finally, contrary to the defendant's contention, we find that the trial court did not improperly delegate a judicial duty to a nonjudicial staff member at a critical stage of the proceedings. After the jury sent a note to the court indicating that it completed deliberations on the first count, the court had a court officer inquire as to the meaning of the note. The jury

then told the court officer that it had reached a verdict. Inasmuch as the court had previously instructed the jury to cease deliberations when it reached a verdict of guilty on the first count, it is clear that it was merely inquiring whether the jury had reached a verdict and thus this procedure was not tantamount to an unconstitutional delegation of supervisory authority *(see, People v Morman,* 137 AD2d 838; *cf., People v Torres,* 72 NY2d 1007; *People v Payne,* 149 AD2d 542). Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.