The People of the State of New York, Respondent, v Angel Martinez, Appellant.

Defendant was arrested for a street sale of cocaine. The court precluded the People from introducing evidence that the arresting officers recognized defendant from previous arrests at the same location. These prior arrests had resulted in charges that were eventually dismissed. Out of the presence of the jury, defense counsel indicated that he intended to argue that defendant was arrested solely because the officers knew him from these previous arrests. Although given leeway to cross-examine the officers concerning how they recognized defendant, counsel never actually asked them about prior encounters. Thus, the issue is unpreserved (CPL 470.05 [2]), and we decline to reach it. If we were to reach the issue in the interest of justice, we would find it to be without merit. Defendant never provided a good faith offer of proof to substantiate his speculation that the police officers acted out of bias or other improper motive, and also failed to demonstrate the relevance of the prior, dismissed charges to his identification and arrest in this case *(People v Johnson,* 47 NY2d 785, *cert denied* 444 US 857).

Nor did defendant preserve his claim that a voir dire of one of the testifying police officers, concerning chain of custody of physical evidence, was improperly conducted in his absence. Rather, the record shows that defendant requested permission to leave, counsel waived defendant's appearance while defendant was still present *(cf., People v Carr,* 168 AD2d 213), and defendant never objected and never requested that the voir dire be reopened *(People v Windley,* 134 AD2d 386). Moreover, this evidence was actually received while defendant was present *(cf., People v Turaine,* 78 NY2d 871). Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.