■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN JENKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered March 14, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that during jury selection the court improperly elaborated on the subject of the defendant's right not to testify. CPL 300.10 (2) states, in relevant part, that "[u]pon request of a defendant who did not testify in his own behalf, but not otherwise, the court must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn". In the absence of extraordinary circumstances, trial courts should add nothing to the language of the statute (see, People v Mercado, 154 AD2d 556). Under the circumstances of the present case, we find that the trial court properly responded to the stated doubts of a prospective juror (see, People v Koberstein, 103 AD2d 1021, affd 66 NY2d 989).

Although it was error for the trial court to allow a witness to testify at the trial that an eyewitness made a pretrial photographic identification of the defendant, the existence of overwhelming evidence provided by two witnesses, one of whom knew the defendant by his nickname, rendered that error harmless (see, People v Harris, 80 NY2d 796; People v Grate, 122 AD2d 853).

Further, the court properly precluded the defendant's attempts to impeach an undercover police officer's testimony with statements he made at the trial of another individual. "It is well established that the party who is cross-examining a witness cannot introduce extrinsic documentary evidence

* * * to contradict a witness' answers concerning collateral matters solely for the purpose of impeaching that witness' credibility" *(People v Pavao,* 59 NY2d 282, 288-289).

The defendant's remaining contentions are without merit or unpreserved for appellate review (CPL 470.05 [2]). Thompson, J. P., Miller, Pizzuto and Santucci, JJ., concur.