■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO RODRIGUEZ, Appellant. [805 NYS2d 700]—

Carpinello, J. Appeal from a judgment of the County Court of Albany County (Sirkin, J.), rendered October 24, 2002, upon a verdict convicting defendant of the crimes of arson in the third degree, offering a false instrument for filing in the first degree, falsifying business records in the first degree and insurance fraud in the third degree.

After two indictments charging defendant with arson in the third degree, offering a false instrument for filing in the first degree, falsifying business records in the first degree and insurance fraud in the third degree were dismissed, a third indict-

---

ment containing these same charges was handed up.* Found guilty as charged following a jury trial and sentenced to concurrent, prison terms of 1 to 3 years, defendant appeals. Finding no merit to any of the arguments he has advanced, we affirm.

Defendant claims that the verdict was against the weight of the evidence, particularly attacking the People's evidence establishing him as the arsonist. The uncontradicted testimony at trial established that defendant's van was torched in a field near a local technical institute on the evening of June 28, 2002. Three students at this institute were standing outside that evening when they heard an explosion, observed flames and then immediately saw a man running out of the field away from the fire. All three students observed that this man was carrying a water bottle. All three also observed him run toward the main road and jump into a black vehicle which then sped away.

One of the students, Bryan Simonik, came within a fairly close distance to the man in an attempt to inquire if he was hurt. Simonik was able to obtain the license plate number of the black vehicle as it sped away, which was later determined to be owned by defendant's cousin. Moreover, at trial, Simonik identified defendant as the person he saw running away from the fire, although the other two students were less sure of the fleeing man's identity at trial and thus did not identify defendant as that person.

Evidence further revealed that a matchbook containing defendant's fingerprints was found inside the black vehicle between the front passenger seat and door and that the backseat of this vehicle tested positive for an accelerant. Testimony further established that defendant presented himself to a local emergency room the morning after the fire with first and second degree burns all over his body. On this day, defendant also reported to the police that his van had been stolen. He thereafter submitted a claim for the loss under his automobile insurance policy.

At trial, defendant claimed that his van had been stolen on the evening of June 28, 2002, that he was home with his wife at the time of the fire and that the burns over his body were from a motorcycle accident. Notably, the emergency room physician

---

* The first indictment was dismissed with the People's consent to permit defendant the opportunity to testify before the grand jury. He did thereafter testify after signing a waiver of immunity and a second indictment was handed up. However, because defendant's testimony was before the same grand jury that originally indicted him, the second indictment was dismissed with leave to re-present. Defendant did not testify before the grand jury that ultimately handed up the third indictment.

who treated defendant testified that she would have expected defendant to have burns on the interior of his legs had he been so injured. According to this physician, defendant's injuries were instead to the outside of his legs. Upon the exercise of our factual review power, the verdict was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *compare People v Beyor*, 272 AD2d 929 [2000], *lv denied* 95 NY2d 832 [2000]; *People v Herrera*, 136 AD2d 567 [1988], *lv denied* 70 NY2d 1007 [1988]).

Defendant next argues that County Court committed reversible error in admitting the matchbook containing his fingerprints into evidence. We are satisfied that the matchbook was relevant in that it tended to prove defendant's presence inside a vehicle that was observed fleeing from the scene of the fire and its probative value outweighed any potential for prejudice (*see* Prince, Richardson on Evidence § 4-101 [Farrell 11th ed]; *see generally People v Valentine*, 7 AD3d 275, 276 [2004], *lv denied* 3 NY3d 682 [2004]; *People v Dupree*, 110 AD2d 777, 778 [1985]; *People v Bethune*, 105 AD2d 262, 266-267 [1984], *lv denied* 64 NY2d 1016 [1985]). Defendant further claims that the prosecutor's summation was improper and unduly prejudicial, specifically contending that a variety of errors deprived him of a fair trial. In viewing certain comments in the context of the entire summation, and given the prompt curative instructions by County Court to two particular comments which were arguably improper, we are unpersuaded that the summation deprived defendant of a fair trial (*see e.g. People v Wood*, 299 AD2d 739 [2002], *lv denied* 99 NY2d 621 [2003]). Finally, we are equally unpersuaded by defendant's claim that he was conferred transactional immunity because the second indictment was dismissed.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.

