■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM CADY, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 24, 1970, convicting him of criminal possession of stolen property in the second degree and unauthorized use of a motor vehicle, upon a jury verdict, and imposing sentence. Judgment affirmed. In our opinion the proof of defendant's guilt was overwhelming. The grounds urged by him for a reversal and a new trial were either not raised by any objection in the court below or, where objected to, dealt with trivia; and, as for the introduction of what the dissent terms "an irrelevant issue involving racial prejudice", that issue was first introduced by the defense and the District Attorney's summation dealing with that subject did not exceed the bounds of propriety, although he might better not have adverted to it at all. In any event, when the objection was made it was forthwith sustained and the jurors were told by the Presiding Judge to wipe the remark from their minds. In addition, he asked them to raise their hands if they could not honestly say that they could render a fair, impartial and objective verdict. The jury then indicated that they could fully follow the direction of the court. Thus, if error there was, it was cured by the court's instruction; and the failure of defense counsel to move for a mistrial when the court impliedly indicated that it would entertain such a motion makes it evident that defense counsel did not then consider the remarks to be sufficiently prejudicial to warrant the discharge of

the jury. Rabin, P. J., Latham, Shapiro and Brennan, JJ., concur; Gulotta, J., dissents and votes to reverse the judgment and to dismiss the indictment with the following memorandum: In my opinion, particularly since the proof of guilt adduced was not overwhelming, defendant was deprived of a fair trial by the cumulative effect of the following errors: (a) In his summation the prosecutor introduced an irrelevant issue involving racial prejudice; (b) despite the fact that, in marshalling the evidence, the trial court carefully summarized the testimony of all the witnesses, no summary was given of defendant's testimony; (c) the prosecutor examined defendant at length with respect to events which had occurred in connection with a criminal act allegedly committed by him subsequent to the crime charged herein, despite proscription of such examination by the trial court; and (d) during the course of the trial one of the jurors received information from an out-of-court source relative to the case, albeit the information was favorable to defendant. Since defendant has served his sentence, the ends of justice will be accomplished in this case by the dismissal of the indictment (*People* v. *Mitchell*, 34 A D 2d 690; *People* v. *Kvalheim*, 17 N Y 2d 510).