OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the case remitted for a new trial.
Defendant Smith and his codefendant were charged with assault in the first degree and criminal possession of a weapon in the fourth degree as a result of an incident in which they allegedly participated in the stabbing of one Jerry Mayer, an Australian businessman, as Mayer was attempting to escort his companion, Sylvia Gutloff, to her front door. The undisputed evidence at trial indicated that Mayer’s two assailants were accompanied by two other individuals who were never apprehended. Defendant was ultimately convicted of first degree assault, and his conviction was affirmed, without opinion, by the Appellate Division. We now conclude that the conviction must be reversed because of two serious trial errors which remained uncorrected despite defendant’s specific and timely objections.
The first such error occurred when the District Attorney, in an apparent effort to establish a motive for the stabbing, elicited from the witness Gutloff that immediately after the stabbing she heard one of the four in the group of assailants make a rather crude racial remark to the effect that whites were not welcome in the neighborhood. Although defense counsel promptly objected on the grounds that the statement was “inflammatory” and that no proper foundation had been laid for its admission, the trial court ruled the statement admissible on the theory that it was part of the “res gestae”. The District Attorney subsequently capitalized upon the admission of this statement when, over defense counsel’s objection, he made reference to it in his summation in an attempt to explain defendant’s motive to the jury.
The rulings of the Trial Judge with respect to this out-of-court statement were clearly erroneous. Even if it be assumed that the statement was technically admissible *804 under the so-called “res gestae” exception to the rule against hearsay, itself a somewhat dubious proposition (see Richardson, Evidence [10th ed — Prince], §§ 279-292), the statement should nevertheless have been excluded in this case, because there was no proof concerning which of the four individuals who were present during the incident had actually made the statement. Indeed, upon cross-examination, Gutloff acknowledged that she simply could not identify the source of the racial remark from her own observations.
Inasmuch as there was no proof that defendant was the person who uttered the statement in question, the statement cannot be considered probative on the important issue of defendant’s motive. There was no indication on the record that the foursome which accosted Mayer and Gutloff shared a common purpose, and it was therefore logically impossible for the jury to have drawn a fair inference as to defendant’s motive from a remark that could have been made by any one of the four.[1] On the other hand, the admission of this irrelevant statement might well have prejudiced defendant’s case in the minds of the jurors, since it was, as defendant contends, highly inflammatory and capable of arousing a juror’s inchoate fears about urban racial violence. In view of the District Attorney’s utter failure to establish the probative value of the statement, it was clear error for the trial court to admit it in evidence.
The second trial error upon which we base our reversal occurred during defense counsel’s cross-examination of the witness Gutloff when Gutloff volunteered that “one of [her] *805 relatives [had] got [ten] hurt by one of the defendants.” Although both defense attorneys argued that Gutloff’s statement was completely “unresponsive” and urged the court to take immediate curative action, the Trial Judge allowed the statement to remain on the record, concluding only that it was “irrelevant”. Even more seriously, the Trial Judge prevented defense counsel from using the remainder of his cross-examination of the witness to explore or challenge Gutloff’s highly damaging but unsupported assertion. And, the error was only further compounded on the following day of the trial, when the court persisted in its refusal to take curative steps even after it was informed by defense counsel that he had learned through the office of the District Attorney that defendants were not at all involved in the incident to which Gutloff had referred and that, in fact, both defendants had been in jail at the time of the incident.
The trial court’s actions in connection with this matter can only be regarded as an abuse of discretion. By refusing either to expunge the highly prejudicial remark from the record or to permit defense counsel to pursue the. matter further in the presence of the jury, the trial court effectively deprived defendant of any opportunity to eliminate or minimize the obvious implication that defendant or his accomplice had committed an uncharged crime against a relative of the prosecutor’s prime witness. Moreover, we find the error in depriving defendant of his right to cross-examine particularly egregious in this case, since the error went uncorrected even after the trial court was made aware of the falsity of the witness’ assertion.[2]
*806 In view of the seriousness of these two errors, we cannot allow the conviction to stand. The admission of an irrelevant, but highly inflammatory statement, coupled with the trial court’s refusal to permit defense counsel to cross-examine the People’s witness concerning a damaging and apparently false assertion, operated to deprive defendant of his fundamental right to a fair trial. Consequently, the conviction must be reversed.

. The dissenters’ reliance upon People v Moore (42 NY2d 421) is misplaced. In that case, we permitted the People to establish the defendant’s motive circumstantially through the introduction of literature and statements published by a militant organization of which the defendant was an active member. It was not disputed, however, that the defendant in Moore shared the goals and motives of the organization; rather, the argument on appeal in that case was limited to the question whether the evidence was admissible for the purpose of proving motive even though “it reflected on the defendant’s character” (at p 428). Here, in contrast, there has been no showing at all that the four individuals who allegedly were present at the scene of the assault constituted a cohesive group with shared beliefs and purposes. Hence, in this case, the statements of one of the members of the group cannot be used as circumstantial evidence to establish defendant’s individual motive.

. We find somewhat puzzling the dissenters’ assertion that defendant failed to raise his right to cross-examine the witness Gutloff in a timely manner at the trial (see p 808). Immediately after the Trial Judge directed defense counsel to abandon his attempts to cross-examine Gutloff about her allegation, defense counsel stated his position in the following manner:
“I want to make a full record on this, Judge, please. I had asked [Gutloff] when she had [first made the accusation]. Now, your Honor said at the bench that — as I understand — that because the question was not relevant in your Honor’s view, the answer could stand. Now, first of all, I would say the answer was not responsive to the question, that it was highly prejudicial, and furthermore, your Honor, having inquired of the District Attorney * * * I now know for a fact that this incident which allegedly occurred between Miss Gutloff and *806 her family and defendants was not in fact between Miss Gutloff and her family and the defendants at all but involved the third person and it appears to me that incident occurred while both these defendants were incarcerated.
“Now, with that knowledge, it seems patently unfair to allow that statement * * * to stand in light of the fact the Court did not allow me to go into this with the witness. If I was allowed to go into it with the witness, it could have been established that it wasn’t [defendants] who she was talking about, but some third individual. She may think it was on the part of [defendants]. That’s her opinion but there’s no facts to back that up.
“So her conclusion and statements to the jury that [defendants] hurt her and her family was false and highly prejudicial. And I’m requesting the Court instruct the jury to disregard it, or in the alternative, to recall the witness and allow us to cross-examine her with respect to it. My first[1] application, of course, is for a mistrial” (emphasis supplied).
In light of the foregoing, it is difficult to imagine how defense counsel could have made plainer his objection to being deprived of all opportunity to cross-examine the witness concerning her allegation that defendants had “hurt” one of her relatives.

. After spending about a week in the hospital the victim recovered from the stab wound and a partially collapsed lung, and returned to Australia. He did not testify at the trial.