■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CRIMI, Appellant. — Appeal by defendant (1) from a judgment of the Supreme Court, Queens County (Browne, J.), rendered February 1, 1980, convicting him of

criminal usury in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated October 6, 1980, which denied his motion pursuant to CPL 440.10 to vacate the judgment. Judgment reversed, on the law, and indictment dismissed, without prejudice to the People to resubmit to another Grand Jury, if they be so advised, as to the charge of criminal usury in the second degree. Appeal from the order dated October 6, 1980 dismissed as academic. Defendant was indicted for criminal usury in the first degree committed as follows: "The defendant abovenamed [*sic*], acting in concert with others on or about and between October 1977 and February 1978 in the County of Queens knowingly charged, took and received money or other property as interest on a loan or forbearance [*sic*] of any money or other property, from a person known to the Grand Jury, at a rate exceeding twenty five per centum per annum or the equivalent rate for a longer or shorter period, when not being authorized or permitted by law to do so, said conduct by MICHAEL CRIMI was part of a scheme and business of making or collecting usurious loans." The "person known to the Grand Jury" was identified during the course of the trial as Thomas Ridgeway, who allegedly borrowed $2,000 from defendant and his partner Leopold Ladenhauf. Evidence was also adduced that defendant and Ladenhauf made usurious loans to Peter Raneri, a restaurant owner in Smithtown, Long Island, to show that the loan to Ridgeway was "part of a scheme and business of making or collecting usurious loans." The trial court, in its instructions to the jury with respect to criminal usury in the first degree and the lesser included offense of criminal usury in the second degree, defined, as an element of these crimes, that "the defendant, Michael Crimi, or a person acting in concert with him, took and received money or other property as interest or on a loan or forbearance of any money or property from Thomas Ridgeway *and/or* Peter Raneri" (emphasis supplied). As the People commendably concede, these instructions improperly authorized the jury to convict defendant of a crime not charged in the indictment, i.e., the allegedly usurious loan to Raneri, which, incidentally, occurred in Suffolk County, beyond the geographic jurisdiction of the Supreme Court, Queens County. The trial court committed additional error when it instructed the jury that an individual may be acting in concert with the perpetrator of a crime, even if he plays "no part at all" in the crime (see *People v McGee,* 49 NY2d 48). We further note that the confusion in the trial court's instructions to the jury may be attributable, in part, to the People's failure to serve a complete bill of particulars until after trial had commenced. Pursuant to former CPL 200.90 (subd 5), the proceedings are stayed pending the filing and service of the bill of particulars. Therefore, defendant should not have been required to submit to trial prior to service of a complete bill of particulars (see *People v Zvonik,* 40 AD2d 840). We have considered the other contentions raised by defendant on direct appeal from the judgment of conviction, and find that those points would not have warranted reversal. In light of our determination on the appeal from the judgment of conviction, defendant's appeal from the order denying his motion to set aside that judgment is dismissed as academic. Under the circumstances, dismissal of the indictment is required (*People v Villani,* 59 NY2d 781). Damiani, J. P., Lazer, Mangano and Boyers, JJ., concur.