■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASQUALE PASCULLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered July 1, 1983, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The findings of fact have been considered and are determined to be established.

The conviction stems from a confrontation between the defendant and an off-duty black police officer, Roscoe Smalls. At trial, Officer Smalls testified that he had just gotten off of a bus at 130th Street and Atlantic Avenue on his way home from work, when a group of white males confronted him and began punching and kicking him. Although he told the group that he was a police officer, he was in street clothes. During the course of the confrontation, the officer pulled his revolver

from his ankle holster and shot the defendant. At trial, the defendant admitted that he was involved in the confrontation with Officer Smalls but stated that Smalls began the argument, and, when the defendant turned to walk away, Smalls shot him.

During the joint trial of the defendant and his codefendants, it came to the attention of the defense counsels that some of the jurors had witnessed a demonstration in front of the courthouse against the Trial Judge's use of a racial reference in an unrelated case. The demonstration, to which some of the jurors were exposed, included many prominent black political figures, and called for the resignation of the Trial Judge. A defense motion for a mistrial was denied at this time and the trial proceeded.

At the conclusion of the trial, two of the codefendants were acquitted. The defendant and another were, however, convicted of assault in the third degree.

Upon a review of the record evincing a close credibility issue, we conclude that certain statements made by the prosecutrix combined with erroneous rulings made by the court had the cumulative effect of depriving the defendant of a fair trial.

In light of the demonstrations to which certain jurors had been exposed while arriving at and leaving the courthouse, at the defense counsels' request, the court attempted to ascertain whether the jurors remained impartial after observing the demonstration. However, the Judge merely asked the jurors as a collective body whether they had remained impartial. It is only after a court determines through reasonable inquiry that a juror will not be swayed by any preconceived notion, that a juror may be considered impartial and fit for service *(see, People v Costello,* 104 AD2d 947). In light of the serious potential for juror prejudice, the court's attempt did not constitute a reasonable inquiry and was wholly inadequate.

During her summation, the most egregious error committed by the prosecutrix occurred when she told the jury that if they acquitted the defendants they would be teaching them that "racism and prejudice are okay * * * New York is really Selma, Alabama, or Mississippi back in 1935 with lynch mobs". Although the Trial Judge issued a curative instruction, it was given at the beginning of his charge rather than at the time the comment was made by the prosecutrix *(cf. People v Cady,* 37 AD2d 973). The prosecutrix also commented that the codefendant Ball had actually been expelled from high school for fighting with a black student. This incident was brought

up during cross-examination of Ball for impeachment rather than a device for proving possible motive *(see, People v Sandoval,* 34 NY2d 371), and the court so instructed the prosecutrix. It was therefore error for the prosecutrix to disregard the court's directive and to argue in summation that the incident might prove relevant on the question of motive as to any of the defendants.

Although not preserved for review, in the interest of justice we also find that the introduction of testimony by Officer Smalls, that he heard someone say "lets get that nigger" moments before the assault constituted error. This statement should not have been elicited because it appears that it was not made by the defendant or any of his codefendants *(see, People v Smith,* 52 NY2d 802). Thus, it was not probative of the defendant's motive and was merely "highly inflammatory and capable of arousing a juror's inchoate fears about urban racial violence" *(see, People v Smith, supra,* at p 804). We find it especially appropriate to review this error under our interest of justice jurisdiction since it appears that the racial epithet was uttered by one other than the defendant or his codefendants and that this fact was known by the prosecutrix.

Moreover, it was error not to charge the jury that a police officer's testimony should be evaluated in the same manner as the testimony of any other witness. Such a charge should usually be given *(see, People v Brown,* 109 AD2d 746; 1 CJI [NY] 7.08 p 277) and we conclude that such a charge was warranted on the facts of this case. The case against the defendant Pascullo came down to a determination of credibility between his testimony and that of Smalls.

The cumulative effect of the trial errors recounted herein was to deprive the defendant of a fair trial. Although the defendant's guilt was proven beyond a reasonable doubt, the proof was not so overwhelming as to render the errors harmless under the totality of the circumstances *(cf. People v Crimmins,* 36 NY2d 230).

In light of the foregoing, we need not reach the defendant's other allegations of error.

Although the defendant has successfully completed his sentence of probation, this case is remitted to the Supreme Court, Queens County, pursuant to CPL 470.20, for a new trial. The defendant has been charged with a serious crime and is entitled to a new trial to determine whether, in fact, he is guilty of that crime *(see, People v Allen,* 39 AD2d 916; *cf. People v Burwell,* 53 NY2d 849). Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.