■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE SUTTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murray, J.), rendered July 13, 1984, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

At the trial, the defendant testified that he was never advised of his Miranda rights, that he was hit and punched by detectives, that his request to call home was refused, and that after threats, he signed a written inculpatory statement without reading it and gave a videotaped statement to an Assistant District Attorney.

The trial court's refusal to instruct the jury, as requested, on the issue of the voluntariness of the defendant's and his codefendant's statements, as required by CPL 710.70 (3), necessitates a new trial (see, People v Graham 55 NY2d 144; People v Gibson, 89 AD2d 859). The contents of these statements were important in order for the People to prove that the defendant possessed the requisite intent to commit the crimes

with which he was charged. Hence, the error cannot be deemed harmless. Moreover, the statute is mandatory. It is derived from the principle that a defendant has an independent right to seek to convince the jury that a statement was involuntarily obtained, even if the hearing court has previously ruled that the statement is admissible as a matter of law (see, Crane v Kentucky, 476 US —, 106 S Ct 2142; Jackson v Denno, 378 US 368; People v Gibson, supra; 1 CJI [NY] PL 11.00 pp 608-611).

Although certain other errors individually might not have constituted reversible error, we mention them so that they may be avoided at a retrial. The court denied the defendant's and his codefendant's respective motions for a severance, stating that the two statements were "substantially the same" (see, People v Smalls, 55 NY2d 407). However, the codefendant's statement made to the police inculpated the defendant in certain acts taken in furtherance of the crime that are inconsistent with the defendant's version of the incident. Where the statements differ as to material elements that can influence the jury, it is proper to have separate trials (see, People v Smalls, supra).

The trial court also gave instructions on the mental culpability required to be liable for "acting in concert" that confused the requisite intent with the requirements of a voluntary act. It compounded this error when answering a juror's question, to wit, whether a defendant, in order to be accessorially liable for a crime, has to "want" the underlying crime to be committed. The court's reply to this question could have led the jury to believe that it was sufficient that the defendant knew that his act would assist the primary actor even if the defendant did not himself intend for the ultimate result to occur. Such a level of intent would be sufficient to convict someone of criminal facilitation in the second degree, but not of intentional murder (compare Penal Law § 115.05, with Penal Law §§ 20.00, 15.05 [1]; § 125.25 [1]; see, Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 115, pp 322-323).

We have examined the defendant's remaining contentions and find that they are either academic in light of our decision or without merit. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.