■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LITTLEJOHN, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered February 15, 1984, convicting him of robbery in the third degree, attempted grand larceny in the third degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was charged with various crimes arising out of two unrelated incidents in the City of Poughkeepsie on April 4, 1983. The first count, charging the defendant with robbery in the third degree, alleged that he forcibly stole a sum of currency from David Ramdeen between 4:00 and 5:00 P.M. on the above date. The second and third counts, charging attempted grand larceny in the third degree and petit larceny, respectively, alleged that the defendant attempted to steal a sum of currency and stole a digital watch from Harold Rumsey at approximately 5:00 P.M. on that day.

Both complaints testified at the trial. Mr. Ramdeen identified the defendant as the man who accosted him, but Mr. Rumsey was unable to do so. Mr. Rumsey had previously selected the defendant out of a lineup, but the police officer who conducted the procedure testified that Mr. Rumsey was unsure of his identification because the defendant did not smile. Mr. Rumsey indicated to the police that the perpetrator had "a gold tooth or something gold in his mouth". The defendant, however, was examined by a dentist on the day after the crimes, and was found to have no gold fillings or broken teeth.

Thus, the evidence of the defendant's guilt was far from overwhelming. Moreover, the Trial Judge erred when she denied the defendant's request that the jury be instructed that the two incidents were separate and distinct, and that evidence of guilt as to one of the incidents may not be considered as evidence of guilt as to the other incident (see, 1 CJI [NY] 5.39 p 239). Because the court refused to so charge, there exists the very real danger that the jury improperly considered the evidence against the defendant cumulatively (see,

*People v Colon,* 87 AD2d 826; *People v Harris,* 51 AD2d 937). Accordingly, the judgment must be reversed and a new trial ordered.

The defendant's other contentions are without merit. Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.