■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO GUZMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered June 11, 1987, convicting him of criminal sale of a controlled substance in the first degree and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.

A police officer allegedly purchased a quantity of cocaine from the defendant during a planned "buy" operation. Although the drug sale was consummated in one apartment, the police surveillance of the defendant revealed that he entered a nearby apartment to obtain the needed amount of cocaine. Six days after the alleged drug purchase, the police simultaneously raided both apartments pursuant to a search warrant and arrested the occupants, including the defendant. Over defense counsel's objections, the prosecutor elicited testimony from the undercover officer that when he was in the apartment, the defendant sold a gram of cocaine to another individual. After the charge to the jury was given, defense counsel requested that the Judge issue limiting instructions concerning the evidence of the uncharged crime. The application was denied. Additionally, prior to the charge being given, defense counsel requested that the Judge instruct the jury that a police officer's testimony is to be evaluated like any other witness. Although the Judge agreed to include such instruction in the charge, he failed to do so. After the charge was given, defense counsel once again asked that the Judge instruct the jury concerning the evaluation of a police officer's testimony, but the Judge refused.

The evidence regarding the uncharged drug sale was admissible to demonstrate that the defendant, as charged in the indictment, was acting in concert with the other individuals who were also arrested *(see, People v Jackson,* 39 NY2d 64). Additionally, its admission was proper to prove the defendant's intent, as such evidence negated the defendant's claim that he was innocently present in the apartment. But when the evidence of the uncharged narcotic sale was introduced, the court should have, when such evidence first came in and again in its charge, cautioned the jury concerning the limited purpose for which it was being admitted, and in any event should have focused the jury's attention in the charge upon the fact that the defendant could be found guilty on the sale count only if the jury found that he made or participated in the making of a sale to the person named in the indictment *(see, People v Williams,* 50 NY2d 996). The court's failure to provide limiting instruction indicated to the jury that the evidence was being received for all purposes *(see, People v Bolling,* 120 AD2d 601, 602). Absent such instructions, the jury may have been led falsely to believe that the testimony was introduced to prove the defendant's criminal disposition.

The court additionally erred by refusing to include in its charge instructions concerning the jury's evaluation of the credibility of a police officer as a witness *(see, People v Pascullo,* 120 AD2d 687, 689). The entire case against the defendant consisted of the testimony of the police officers and the defendant was the only defense witness with personal knowledge of the incident. The credibility of the police officers was of utmost importance in the jury's determination.

The combined errors of failing to provide limiting instructions as to the uncharged crime and the appropriate instructions as to the testimony of the police officers cannot be said to be harmless *(cf., People v Crimmins,* 36 NY2d 230). In light of the trial errors, a new trial is required. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.