■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BURGESS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murray, J.), rendered July 14, 1983, convicting him of murder in the second degree (two counts), and criminal possession of a weapon, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

At trial the defendant testified that he had not been advised

of his *Miranda* rights, that he was physically abused by the detectives who questioned him, that he was not permitted to contact his family, that the detectives ignored his requests for an attorney, and that after being threatened, he signed a written statement and gave a videotaped confession to an Assistant District Attorney.

The trial court's refusal to instruct the jury on the issue of the voluntariness of the defendant's statements necessitates a new trial *(see, People v Sutton,* 122 AD2d 896; *see also, People v Graham,* 55 NY2d 144). As we held in *People v Sutton (supra),* which was an appeal taken by a codefendant who was tried jointly with the defendant, the contents of the statements were important because the People relied upon them in order to prove that the defendant and his codefendants possessed the requisite intent to commit the crimes charged. Accordingly, the trial court's failure to so instruct the jury cannot be considered harmless.

Additionally, we note that the trial court's instruction regarding mental culpability was improper *(see, People v Sutton, supra).*

We have considered the defendant's remaining contentions and find that they are either without merit, unpreserved for appellate review, or academic in light of our determination. Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.