■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH MCCAIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.),

rendered February 21, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and determined to have been established.

We agree with the defendant's contentions that certain errors committed by the court during the course of his trial deprived him of a fair trial and thus we reverse his judgment of conviction. The defendant's conviction stemmed from a so-called "buy and bust" operation during which he sold two vials of crack cocaine to an undercover officer. The undercover officer observed the defendant remove the two vials from a clear plastic bag containing other plastic vials. Immediately prior to his arrest, however, the defendant allegedly threw the bag to the ground where it landed approximately three feet away. This bag was recovered at the scene and was found to contain 21 other vials of crack cocaine.

We find that the defendant's right to a fair trial was violated by the court's gratuitous and expansive "no adverse inference" charge (see, CPL 300.10 [2]). The law is clear that "[a]bsent extraordinary circumstances * * * trial courts should add nothing to the plain and simple language of the statute" (People v Mercado, 154 AD2d 556, 558) in advising the jury that it is not to draw an adverse inference from the defendant's decision not to testify (People v Mercado, supra, at 558). In this case the court unnecessarily drew the jury's attention to the defendant's decision not to testify and thereby gave rise to an improper inference that the defendant's exercise of his right to remain silent was a tactical decision (see, People v Concepcion, 128 AD2d 887).

Furthermore, the court neglected to instruct the jury that in evaluating the credibility of the police officers who testified at trial, the testimony of these officers is to be accorded no greater weight than that of any other witness. Clearly, such a charge should be given (see, 1 CJI[NY] 7.08) to help the jury accurately evaluate the credibility of these witnesses. Under the circumstances of this case, we find that the failure to so instruct the jury served to deny the defendant a fair trial (see, People v Guzman, 146 AD2d 799; People v Pascullo, 120 AD2d 687).

Moreover, during cross-examination of the undercover

officer and the back-up officers who arrested the defendant, defense counsel elicited certain statements which conflicted with statements previously made by the witnesses. Among the matters elicited were the back-up officers' proximity to the defendant at the time of the arrest during which the officer observed the defendant discard the plastic bag full of crack vials. During deliberations the jurors requested that the transcript of certain portions of the testimony, *inter alia*, of the back-up officer concerning matters relevant to the arrest of the defendant be read to them. Because it was late in the evening, the court recalled the jury and informed it that it was being sequestered and that its questions would be dealt with the following day. The following morning the court directed that certain portions of the testimony be read to the jury after which defense counsel objected that the portion of the back-up officer's testimony concerning the distance at which she observed the defendant holding the bag of crack vials had been omitted from the read back. The court was adamant in its recollection that there had been no testimony by the officer in question concerning her distance from the defendant at the time she observed the plastic bag and thus, the court denied the defendant's application for a further read back. In point of fact, the officer did testify that she was approximately 10 feet away from the defendant when she first exited her police car at the scene of the arrest. Had the court directed a further search of the record, this testimony would have been discovered and it would have responded more fully to the jury's questions. The court's incorrect insistence that the testimony in question did not exist rendered its response to the jury's inquiry less than meaningful *(see, People v Almodovar,* 62 NY2d 126).

We have reviewed the defendant's other contentions and find them to be without merit. We note that the trial court did not improvidently exercise its discretion in denying the defendant's motion for a mistrial based upon the alleged *Rosario* error *(see, People v Rice,* 75 NY2d 929). Kunzeman, J. P., Balletta, Miller and O'Brien, JJ., concur.