■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR FINN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.) rendered February 7, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant urges that the statement that he made to police shortly after his arrest, while he was being transported to the station house, should have been suppressed because he

had not been advised of his *Miranda* rights at the time. We disagree. The police are not required to take affirmative steps to prevent a person in custody from making an incriminating statement *(see, People v Lynes,* 49 NY2d 286, 294; *People v Kern,* 149 AD2d 187, 220-221, *affd* 75 NY2d 638, *cert denied* — US —, 111 S Ct 77). Here, the defendant spoke with genuine spontaneity and without any invitation, urging, or coaxing *(see, People v Lynes, supra,* at 294).

The court properly declined the defendant's request to charge robbery in the second degree as a lesser included offense of robbery in the first degree. There was no reasonable view of the evidence which would have supported a finding that the defendant committed the lesser but not the greater crime *(see, People v Green,* 56 NY2d 427, 430).

The defendant's sentence was not excessive.

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.