■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIMBERLY WALKER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered July 1, 1991, convicting her of criminal possession of a weapon in the third degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by her to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court did not err in denying suppression of the loaded gun that was recovered from inside her jeep. It is uncontroverted that the police had probable cause to arrest the defendant's passenger, Annette Gore, for a prior sale of narcotics, and could thus lawfully stop the defendant's vehicle in which Gore was riding. After the stop of the jeep, but prior to Gore's exit therefrom, one of the arresting officers observed a bulge beneath the vehicle's carpeting. As Gore exited the jeep the officer reached inside, pulled back the carpet and discovered a loaded handgun.

While the defendant and Gore were standing unrestrained immediately outside the open doors of the jeep, the police were entitled to search Gore and her grabbable area to ensure

that she did not have access to a weapon or destructible evidence *(see, People v Blasich,* 73 NY2d 673; *see also, People v Orphanos,* 165 AD2d 725; *People v Ianniello,* 156 AD2d 469). Therefore, the gun that was recovered from beneath the automobile's carpeting while the two occupants of the vehicle stood along side its open doors, was properly ruled admissible as having been discovered in a search of the grabbable area, incident to the arrest of Gore *(see, People v Orphanos, supra).*

Furthermore, the court correctly determined that the defendant's inculpatory statement, indicating that the gun belonged to her, was admissible. Despite her assertions to the contrary, the record supports the court's finding that the statement was completely spontaneous and was not made in response to police interrogation. The police are not required to take affirmative steps to prevent a person who is in custody from making incriminating statements *(see, People v Finn,* 180 AD2d 746; *People v Lynes,* 49 NY2d 286).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Harwood, Miller and Santucci, JJ., concur.