■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered June 3, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The court improperly and inexplicably refused to instruct the jury that the testimony of a police officer, in and of itself, is entitled to no greater weight than that of an ordinary citizen. This is a basic and well established precept that is routinely included in Trial Judges' instructions to juries (1 CJI[NY] 7.08; People v McCain, 177 AD2d 513, 514; People v Pascullo, 120 AD2d 687, 689). Although the failure to give that instruction is not necessarily reversible error (see, e.g., People v Brown, 109 AD2d 746), the error does reach those proportions here, considering that the case turned critically on the credibility of the police, and that the proof against the defendant was, in our view, far from overwhelming.

In light of this determination, we need not and do not address the defendant's remaining contentions. Rosenblatt, J. P., Lawrence, Pizzuto and Santucci, JJ., concur.