■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TALISHA EASTERLING, Appellant. [594 NYS2d 805] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered December 13, 1991, convicting her of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

We find unpersuasive the defendant's contention that the evidence of physical injury presented at trial was legally insufficient to support her conviction of assault in the second degree. The victim testified that she received multiple knife wounds and that she consequently suffered "a lot of pain". Moreover, the People submitted hospital records regarding her injuries, and the victim exhibited to the jury the scars which resulted from the attack. Viewing the evidence adduced at the trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the physical injury element of assault in the second degree *(see, People v Rojas,* 61 NY2d 726; *People v Ball,* 140 AD2d 447).

However, we agree with the defendant that the trial court erred in denying her request for a limiting instruction with respect to testimony concerning a prior altercation between her and the complainants. In the absence of such an instruction, the jury may well have considered the testimony to be evidence of criminal propensity on the part of the defendant *(see, e.g., People v Guzman,* 146 AD2d 799; *People v Bolling,* 120 AD2d 601). The prejudicial effect of this error was exacerbated by the prosecutor's summation comments, which suggested that the defendant was predisposed to violent criminal behavior. On the record before us, the error cannot be deemed

harmless *(see generally, People v Crimmins,* 36 NY2d 230), and a new trial is therefore required.

Moreover, although we need reach no other issue in the resolution of this appeal, one additional fundamental error committed by the court warrants discussion. The parties entered into a negotiated plea agreement prior to the trial. Pursuant to the terms of the agreement, the defendant entered a plea of guilty to assault in the first degree in exchange for a promised sentence of 5 years probation and youthful offender treatment. However, on the scheduled sentencing date, the court indicated that it could not abide by its sentence promise due to the nature and extent of the injuries suffered by one of the complainants. The court then *sua sponte* vacated the defendant's plea of guilty and ordered that the case go to trial. The defendant ultimately was acquitted of the assault in the first degree count to which she had pleaded guilty. The court's action in unilaterally vacating the plea of guilty constituted error. It is well settled that where a court finds that it cannot honor its sentence promise, it must give the pleading defendant the option of either accepting an enhanced sentence on the plea or withdrawing the plea and going to trial *(see, People v Schultz,* 73 NY2d 757; *People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122). Therefore, the court acted improperly in this case, although the matter has been rendered academic by reason of the acquittal of the defendant of assault in the first degree after a jury trial. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.