■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN PEAHY, Also Known as BRIANT PEAY, Appellant. [595 NYS2d 488] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered December 12, 1990, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly denied that branch of his omnibus motion which was to controvert the search warrant. The affidavit in support of the warrant application recited that the source of the informant's knowledge was his personal observations and that on five separate occasions the informant had furnished information to the police which led to the arrests and seizure of narcotics. Such an affidavit satisfies the *Aguilar-Spinelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *People v Hanlon,* 36 NY2d 549; *cf., People v Williams,* 191 AD2d 473). Furthermore, the court correctly determined that the defendant's inculpatory statement upon his arrest, indicating that the narcotics belonged to him, was admissible. The police are not required to take affirmative steps to prevent a person who is in custody from making incriminating statements *(see, People v Walker,* 186 AD2d 606; *People v Finn,* 180 AD2d 746; *People v Lynes,* 49 NY2d 286).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.