■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS GRAHAM, Also Known as STEVEN FELDER, Appellant. [601 NYS2d 149] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Browne, J.), both rendered September 11, 1991, convicting him of robbery in the first degree (two counts), under Indictment No. 4176/90, upon a jury verdict, and assault in the second degree (two counts) and resisting arrest under Indictment No. 4321/91, upon a jury verdict, and imposing sentences.

Ordered that the judgments are reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We find that the defendant's right to a fair trial was violated by the court's expansive "no adverse inference" charge *(see,* CPL 300.10 [2]), as it unnecessarily implied that his decision not to testify was a strategic one *(see, People v McCain,* 177 AD2d 513; *People v Mercado,* 154 AD2d 556, 558).

Moreover, as the defendant was separately charged and indicted with committing two robberies against the same victim within a five-day period, the court should have instructed the jury that the incidents were distinct and separate, and that the evidence of guilt as to one of the incidents may not be considered as evidence of guilt as to the other incident *(see,* 1 CJI[NY] 5.39, at 239; *People v Littlejohn,* 125 AD2d 710; *People v Johnson,* 130 AD2d 804, 805).

We further find that the trial court should have granted the defense counsel's request to charge the jury that the testi-

mony of a police officer, in and of itself, is entitled to no greater weight than that of an ordinary citizen *(see,* 1 CJI[NY] 7.08; *People v Lopez,* 190 AD2d 866; *People v Guzman,* 146 AD2d 799; *People v Pascullo,* 120 AD2d 687, 689). We note, however, that as this case turned on the testimony of the victim, and not that of the police officers, this error did not, in itself, warrant reversal of the defendant's convictions *(cf., People v Lopez, supra; People v Guzman, supra).*

Also, as the two predicate violent felony convictions relied on by the sentencing court in this case arose from two pleas of guilty entered by the defendant on the same day under separate indictments, the defendant's adjudication as a persistent violent felony offender was improper *(see, People v Morse,* 62 NY2d 205; *People v Corselli,* 128 AD2d 545).

We have reviewed the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Santucci and Joy, JJ., concur.