■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR JENKINS, Appellant. [605 NYS2d 408] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Cirigliano, J.), both rendered July 10, 1991, convicting him of burglary in the second degree, grand larceny in the fourth degree, assault in the third degree, and criminal possession of stolen property in the fourth degree under Indictment No. 8414/90, upon a jury verdict, and burglary in the first degree under Indictment No. 12177/90, upon his plea of guilty, and imposing sentences. The appeal under Indictment No. 8414/90 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and a statement made by him to the police.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the hearing court properly admitted into evidence at the trial under Indictment No. 8414/90 both the physical evidence and the defendant's pre-*Miranda,* in-custody statement to the police. The police had ample justification to stop the defendant for the purpose of inquiry and to subsequently detain him *(see, People v Martinez,* 80 NY2d 444; *People v Hollman,* 79 NY2d 181; *People v Walker,* 192 AD2d 1101). The succeeding identification of the defendant provided the police with probable cause to arrest him *(see, People v Martinez, supra).* Moreover, the defendant's in-custody statement was given to the police spontaneously, without any invitation or urging. Under these circumstances, the statement was not subject to suppression *(see, People v Finn,* 180 AD2d 746). It is well settled that the police are not required to take affirmative steps to prevent a person who is in custody from making incriminating statements *(see, People v Lynes,* 49 NY2d 286; *People v Peahy,* 191 AD2d 652).

We find that the defendant's sentences were not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Balletta, Lawrence and O'Brien, JJ., concur.