■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE KING, Appellant. [607 NYS2d 20] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered July 2, 1992, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and as a matter of discretion in the interest of justice, and a new trial is ordered; no questions of fact have been raised or considered.

We find that certain errors committed by the trial court deprived the defendant of a fair trial, and accordingly, reverse and grant him a new trial. Although not all of the errors were preserved for appellate review, we have reviewed them in the exercise of our interest of justice jurisdiction.

The defendant's conviction stemmed from two armed robberies of retail stores committed on the evening of November 1, 1991. An alibi witness testified that the defendant was with her the entire evening. We find that the trial court erred in permitting cross-examination of the witness as to her failure to inform an Assistant District Attorney of this information at a meeting in November 1991. The defense counsel informed the court at a side-bar conference that she was present at that meeting, which concerned a separate incident which occurred on October 31, 1991, and that she had instructed the witness not to speak to the prosecutor about events on any other day *(see, People v Dawson,* 50 NY2d 311, 323). In addition, the court precluded the defense counsel from eliciting, on redirect examination, an explanation for the witness's silence *(see, People v Burgos,* 50 NY2d 992). This error was not harmless, as the witness's direct testimony that she had informed a detective on about November 5, 1991, of the defendant's alibi was stricken, and the defense counsel was precluded from eliciting this information on redirect examination.

We further find that the court's alibi charge was erroneous in that it failed to clearly convey to the jury that the People bear the burden of disproving an alibi defense beyond a reasonable doubt *(see, People v Campbell,* 70 NY2d 724). Rather, the charge suggested that the defendant bore some burden of establishing his alibi *(see, People v Victor,* 62 NY2d 374; *People v La Rosa,* 112 AD2d 954).

The court's charge was improper in that it failed to adhere to the simple language of the statute in advising the jury that it was not to draw an adverse inference from the defendant's decision not to testify *(see, People v McCain,* 177 AD2d 513; *People v Mercado,* 154 AD2d 556; CPL 300.10 [2]). Moreover, as the People concede, the court erred, during its "acting in concert" charge, in instructing the jury that the defendant could be found liable even if he played "no part at all" in the criminal activity, as long as he harbored a criminal intent *(see, People v Crimi,* 96 AD2d 890).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Balletta, Lawrence and O'Brien, JJ., concur.