■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ROSE, Appellant. [637 NYS2d 172] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered April 15, 1993, convicting him of sodomy in the first degree, use of a child in a sexual performance, sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branches of the defendant's omnibus motion which were to suppress, inter alia, his oral statements to law enforcement authorities.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and determined to have been established.

The hearing court properly denied the defendant's motion to suppress his oral statements to law enforcement authorities since they were voluntarily made after the defendant knowingly and intelligently waived his Miranda rights (see, People v Hylton, 198 AD2d 301; People v Finn, 180 AD2d 746; People v Sohn, 148 AD2d 553; People v Woods, 141 AD2d 588). The defendant's remaining contentions regarding the suppression of evidence are unpreserved for appellate review and, in any event, without merit.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

However, we find that the cumulative effect of several errors committed by the trial court deprived the defendant of a fair trial. Although two of these errors are not preserved for appellate review, we reach them in the exercise of our interest of justice jurisdiction (see, CPL 470.15 [3] [c]).

First, it is well established that "[w]itnesses under the age of 12 are presumptively incompetent to testify in criminal cases" (*People v Ranum*, 122 AD2d 959, 960), and the presumption may only be rebutted by a proper preliminary examination of the witness (*see, People v Rowell*, 88 AD2d 647, 648, *revd on other grounds* 59 NY2d 727; *People v Kalicki*, 49 AD2d 1032; CPL 60.20 [2]). It was error for the trial court in this case to permit the unsworn testimony of the five-year-old complainant without first conducting a preliminary examination to determine whether she understood the nature of an oath and could, therefore, offer sworn testimony or whether she possessed sufficient intelligence and capacity to justify the reception of unsworn testimony (*see,* CPL 60.20 [2]; *see, People v Rowell, supra; People v Kalicki, supra*).

Second, the court also erred by denying the defendant's request for a voluntariness charge pursuant to CPL 710.70 (3). It is well settled that, despite an adverse ruling at a pretrial hearing regarding the admissibility of a defendant's statement, when evidence sufficient to create a factual dispute about the voluntariness of the statement is adduced at trial, the court must submit that issue to the jury with instructions to disregard the statement upon a finding that it was involuntarily made (*see,* CPL 710.70 [3]; *see, People v Graham*, 55 NY2d 144; *People v Cefaro*, 23 NY2d 283; *People v Luis*, 189 AD2d 657). The failure of the court in this case to give a voluntariness charge was error since the statute is mandatory and the absence of the charge deprived the jury of any instructions regarding the standards by which to evaluate the defendant's claim that the statement at issue had been coerced (*see, People v Iglesia*, 96 AD2d 515, 516; *see also, People v Sutton*, 122 AD2d 896). Moreover, this error cannot be deemed harmless given that the defendant's statement formed an integral part of the People's case, and it is not clear whether the jury would have convicted the defendant without it (*see, People v Gibson*, 89 AD2d 859, 860; *see also, People v Sutton, supra*).

Third, the court's expansive no-adverse-inference charge implied that the defendant's exercise of his right not to testify was a tactical decision (*see, People v King*, 200 AD2d 765; *People v Graham*, 196 AD2d 552; *People v McCain*, 177 AD2d 513; *see also, People v Mercado*, 154 AD2d 556). Thus, it was reversible error.

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]), without merit, or need not be addressed in light of our determination. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.