■ In the Matter of RAYMOND ROSE, Petitioner, v JOSEPH G. GOLIA, as Justice of the Supreme Court of the State of New York, et al., Respondents. [648 NYS2d 682] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, to prohibit the respondents Joseph G. Golia, Justice of the Supreme Court, Queens County, and Richard A. Brown, District Attorney of Queens County, from proceeding with the prosecution of the petitioner under Queens County Indictment No. 1549/92, on the ground of lack of jurisdiction.

Motion by the respondent Joseph G. Golia to dismiss the petition.

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its

authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see also, Matter of Rush v Mordue,* 68 NY2d 348; *Matter of Sanchez v Orgera,* 221 AD2d 641).

The petitioner has failed to establish a clear entitlement to the relief sought inasmuch as his claim of a defective indictment is in actuality based on the legal sufficiency of the evidence presented to the Grand Jury. We note that prior to his first trial the petitioner challenged the legal sufficiency of the evidence presented to the Grand Jury and the Supreme Court determined that the indictment was supported by legally sufficient evidence. Therefore, judicial review of this claim is barred under CPL 210.30 (6) by virtue of the fact that this Court previously determined that the evidence adduced at the petitioner's first trial under the instant indictment was legally sufficient to support the conviction (*see, People v Rose,* 223 AD2d 607; *People v Shapiro,* 117 AD2d 688; *see also, People v Miller,* 65 NY2d 502, *cert denied* 474 US 951). Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.