■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR MARTINEZ, Appellant. [677 NYS2d 592] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered January 22, 1996, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant's conviction stems from an incident which occurred on August 7, 1995, when he and a group of unapprehended assailants approached the victim, a black male, outside a Queens bar, and assaulted him with their fists and threw bottles at him. The brutality against the victim continued and he was stabbed in the back and shot four times. Hours later, the victim died at Elmhurst Hospital from his wounds.

During trial, the People elicited testimony from the victim's girlfriend that an unidentified man said to her "why don't you come with a real man and what are you doing with that nigger?" Although not preserved for appellate review, in the interest of justice we find that the introduction of this testimony constituted error, since there was no proof that the defendant was the person who uttered the statement (*see, People v Smith,* 52 NY2d 802; *People v Pascullo,* 120 AD2d 687). The testimony was not probative of the defendant's motive and was "highly inflammatory and capable of arousing a juror's inchoate fears

about urban racial violence" (*People v Smith, supra,* at 804; *People v Pascullo, supra,* at 689). The inflammatory nature of this error was compounded by the fact that the People referred to the racial epithet during summation in an attempt to explain the defendant's alleged motive to the jury.

Moreover, evidence of an uncharged crime alleged to have been committed by the defendant was improperly introduced into evidence without a prior ruling of the court considering the evidence to be proffered and weighing its probative value against the potential for prejudice (*see, People v Ventimiglia,* 52 NY2d 350; *People v Celestino,* 201 AD2d 91, 97; *People v Intelisano,* 188 AD2d 881).

Because the evidence against the defendant was less than overwhelming, these errors cannot be considered harmless (*cf., People v Crimmins,* 36 NY2d 230).

In light of the foregoing, we need not reach the defendant's other allegations of error. Santucci, J. P., Joy, Friedmann, McGinity and Luciano, JJ., concur.