■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY PATTERSON, Appellant. [849 NYS2d 798]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered March 2, 2006, convicting him of grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, jostling, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Roman, J.), of that branch of defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly determined that the defendant's inculpatory statement was admissible. The record supports the court's finding that the defendant's statement was spontaneous and not the product of interrogation or its functional equivalent (*see People v Lynes*, 49 NY2d 286 [1980]; *People v Garcia*, 19 AD3d 200 [2005]; *People v Tomlin*, 265 AD2d 353 [1999]). The police are not required to take affirmative steps to prevent a person who is in custody from making incriminating statements (*see People v Jenkins*, 199 AD2d 536 [1993]; *People v Walker*, 186 AD2d 606 [1992]).

The defendant was afforded the effective assistance of trial counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.